Diana Esquivel, Deputy Attorney General, AGCA-Office of the California Attorney General, Sacramento, CA, for Defendants-Appellees Barajas, Campbell, Franco, J. Lundy, Medrano, Norgaard, K. Prior, Hazelton, Vasquez, Wright

Susan Eileen Coleman, Esquire, Senior Litigation Attorney, Kristina Doan Gruenberg, Esquire, Attorney, Burke, Williams & Sorensen, LLP, Los Angeles, CA, for Defendant-Appellee H. Tate

Before: CANBY, TROTT, and GRABER, Circuit Judges.

MEMORANDUM **

California state prisoner Vincent U. Solomon appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging various constitutional claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment on Solomon's deliberate indifference claim against defendant Dr. Tate because Solomon failed to raise a genuine dispute of material fact as to whether Dr. Tate was deliberately indifferent in treating Solomon's pain. *See id.* at 1058-60 (a prison official is deliberately indifferent only if he or she knows of and disregards an excessive risk to an inmate's health; medical malpractice, negligence, or a difference of opinion concerning the course of treatment does not amount to deliberate indifference); *McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th Cir. 1992) ("A defendant must purposefully ignore or fail to respond to a prisoner's pain or

possible medical need in order for deliberate indifference to be established."), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc).

The district court did not abuse its discretion by denying Solomon's motion to appoint counsel because Solomon did not demonstrate exceptional circumstances. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review and "exceptional circumstances" requirement for appointment of counsel).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

We do not consider documents not presented to the district court because they are not part of the record on appeal. *United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990).

**AFFIRMED.**

**WAVETRONIX, LLC; David Arnold; Michael Jensen, Plaintiffs,**

and

**Blake Sime Atkin, Appellant,**

v.

**Conrad MYERS, as Trustee for the DBSI Liquidating Trust and William Rich; James R. Zazzali, Trustee for the DBSI Estate Litigation Trust and as Trustee for the DBSI Private Actions Trust, Trustees-Appellees,**

Paul Judge; Thomas Var Reeve; John Mayeron; John D. Foster; Walter Mott; Charles Hassard; Gary Bringhurst; Douglas Swenson; Jeremy Swenson, Defendants-Appellees.

No. 15-35106

United States Court of Appeals, Ninth Circuit.

Argued and Submitted November 8, 2017 Portland, Oregon

Filed November 24, 2017

Blake Sime Atkin, Pro Se

Barnard N. Madsen, Fillmore Spencer, Provo, UT, for Appellant

Keely Elizabeth Duke, Attorney, Duke Scanlan & Hall, PLLC, Boise, ID, Joshua Robert Elias, Attorney, Jennifer A. Hradil, Gibbons P.C., Newark, NJ, Kevin Alan Griffiths, Attorney, Carey Perkins LLP, Boise, ID, for Trustee-Appellee Conrad Myers

Keely Elizabeth Duke, Attorney, Duke Scanlan & Hall, PLLC, Boise, ID, Kevin Alan Griffiths, Attorney, Carey Perkins LLP, Boise, ID, for Trustee-Appellee James R. Zazzali

William G. Dryden, Esquire, Attorney, Elam & Burke, PA, Boise, ID, for Defendant-Appellee Paul Judge

Craig G. Taylor, Stewart Taylor & Morris, PLLC, Boise, ID, for Defendants-Appellees Thomas Var Reeve, John Mayeron, Charles Hassard

Kimbell D. Gourley, Esquire, Attorney, Jones Gledhill Fuhrman Gourley PA, Boise, ID, for Defendants-Appellees John D. Foster, Walter Mott

Randall Scott Barnum, Esquire, Attorney, Barnum Law, PLLC, Boise, ID, for Defendant-Appellee Gary Bringhurst

Douglas Swenson, Pro Se

Jeremy Swenson, Pro Se

Before: FERNANDEZ, W. FLETCHER, and MELLOY,** Circuit Judges.

MEMORANDUM ***

Blake S. Atkin, attorney for Wavetronix, LLC, ("Wavetronix") appeals the district court's orders sanctioning him pursuant to Federal Rule of Civil Procedure 11 (Rule 11),[1] and also sanctioning him pursuant to 28 U.S.C. § 1927.[2] We affirm in part and vacate and remand in part.

(1) Atkin was the attorney for Wavetronix, which had received infusions of cash from various members of the DBSI, Inc. group of companies[3] that thereafter en-

---

** The Honorable Michael J. Melloy, United States Circuit Judge for the U.S. Court of Appeals for the Eighth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

1. The Rule 11 sanction arising out of his filing of this action against Conrad Myers was im-

posed by Chief District Judge B. Lynn Winmill.

2. The § 1927 sanction arising out of his filing of a motion for reconsideration of the imposition of Rule 11 sanctions was imposed by then Chief District Judge Marsha J. Pechman.

3. One of those members was Stellar Technologies, LLC ("Stellar") which, at bankruptcy, held an equity interest in and promissory notes from Wavetronix.

tered bankruptcy. The bankruptcy court adopted a liquidation plan (the "Plan") for the DBSI entities and Conrad Myers was appointed trustee of the DBSI Liquidating Trust. As part of his duties, Myers sought to liquidate the trust's interests in Wavetronix. Atkin then filed this action against the trustee in his personal capacity.

Atkin did not seek leave of the bankruptcy court before filing the action. The district court could properly determine that in so proceeding Atkin filed a legally baseless [4] complaint, which was not objectively reasonable,[5] and for which there was not an objectively good faith argument following a reasonable inquiry.[6] Atkin's action in opening this new front, in order to stave off Myers' attempts to liquidate Stellar's interests and without seeking leave from the bankruptcy court, was a plain violation of the well-known *Barton* doctrine,[7] as well as a violation of the terms of the Plan for liquidating DBSI assets. Atkin seeks to avoid this result by claiming that the *Barton* doctrine does not apply if a trustee is actually operating a business,[8] but liquidating a business is not the same as operating one,[9] and nothing pled in the complaint indicates that Myers was engaged in aught but liquidation as directed by the bank-

ruptcy court. Atkin also says that he did research the issue, but that does not excuse his reaching an objectively unreasonable conclusion. *See Zaldivar*, 780 F.2d at 831; *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 47, 111 S.Ct. 2123, 2134, 115 L.Ed. 2d 27 (1991). And while Atkins tries to parse or evade the purpose of the Plan's terms, it is obvious that the Plan was designed to protect the trustee when he is acting within the scope of his authority.[10] In short, the district court did not abuse its discretion[11] when it imposed Rule 11 sanctions on Atkin.

(2) After a futile attempt to have us consider an interlocutory appeal from the order imposing Rule 11 sanctions and after the case was transferred from Chief Judge Winmill's calendar to Chief Judge Pechman's calendar, Atkin sought to reprise his arguments regarding the Rule 11 sanctions decision by filing a motion for reconsideration. The district court denied that motion and imposed 28 U.S.C. § 1927 sanctions upon him. Without further explication the district court found that "the motion for reconsideration was taken to needlessly prolong the litigation and the sanctions issue and without a reasonable basis in

---

4. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393, 110 S.Ct. 2447, 2454, 110 L.Ed. 2d 359 (1990).

5. *See Truesdell v. S. Cal. Permanente Med. Grp.*, 293 F.3d 1146, 1153 (9th Cir. 2002).

6. *See Zaldivar v. City of Los Angeles*, 780 F.2d 823, 831 (9th Cir. 1986), *abrogated on other grounds by Cooter & Gell*, 496 U.S. at 399, 405, 110 S.Ct. at 2458, 2461.

7. *See Barton v. Barbour*, 104 U.S. 126, 127, 26 L.Ed. 672 (1881); *Blixseth v. Brown (In re Yellowstone Mountain Club, LLC)*, 841 F.3d 1090, 1094 (9th Cir. 2016); *Harris v. Wittman (In re Harris)*, 590 F.3d 730, 741–42 (9th Cir. 2009); *Beck v. Fort James Corp. (In re Crown Vantage, Inc.)*, 421 F.3d 963, 970–71 (9th Cir. 2005).

8. *See Med. Dev. Int'l v. Cal. Dep't of Corr. & Rehab.*, 585 F.3d 1211, 1218 (9th Cir. 2009); *see also* 28 U.S.C. § 959(a).

9. *See In re Crown Vantage*, 421 F.3d at 972.

10. *See In re Yellowstone*, 841 F.3d at 1094; *Leonard v. Vrooman*, 383 F.2d 556, 560 (9th Cir. 1967). No facts pled in the complaint indicate that Myers acted outside the scope of his authority from the bankruptcy court.

11. *See Cooter & Gell*, 496 U.S. at 401–02, 110 S.Ct. at 2458–59; *see also United States v. Hinkson*, 585 F.3d 1247, 1263 (9th Cir. 2009) (en banc).

law." We sympathize with the district court's frustration with Atkin's motion,[12] but, unlike Rule 11 sanctions, the standard for § 1927 sanctions is a subjective[13] rather than an objective one. It requires bad faith[14] or something akin to bad faith, that is, recklessness plus something more, like frivolousness[15] or an improper purpose.[16] Whether "recklessness plus" is actually a species of bad faith[17] or a separate concept[18] is of no moment here. The difficulty here is that the district court found neither subjective bad faith nor recklessness. The absence of those findings constrains us to vacate the § 1927 award of sanctions and remand for further proceedings. *See Keegan*, 78 F.3d at 436.

AFFIRMED as to Rule 11 sanctions, VACATED and REMANDED as to § 1927 sanctions. The parties shall bear their own costs on appeal.

12. *See Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (setting out grounds for a motion for reconsideration).

13. *See Moore v. Keegan Mgmt. Co. (In re Keegan Mgmt. Co., Sec. Litig.)*, 78 F.3d 431, 436 (9th Cir. 1996).

14. *See Pac. Harbor Capital, Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1118 (9th Cir. 2000).

15. *See B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1107 (9th Cir. 2002).

16. *See Fink v. Gomez*, 239 F.3d 989, 993–94 (9th Cir. 2001).

17. *See Keegan*, 78 F.3d at 436.

18. *See Barber v. Miller*, 146 F.3d 707, 711 (9th Cir. 1998).